IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.                       ) | Criminal No. 97-32 |
| ) | <u>See</u> Civil Action No. 06-45 |
| MATTHEW MURPHY, III,      ) | |
| ) | |
| Defendant.      ) | |

O R D E R

AND NOW, this 6th day of March, 2006, upon consideration of Defendant Matthew Murphy III's "Notice of Motion Pursuant to 28 U.S.C. § 2255" (document No. 155) and Memorandum of Law in Support thereof (document No. 156) filed in the above-captioned matter on January 12, 2006,

IT IS HEREBY ORDERED that said Motion is DISMISSED for lack of jurisdiction. This is a second or successive motion pursuant to 28 U.S.C. § 2255. Defendant filed a <u>pro se</u> "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody - 28 U.S.C. § 2255" (document No. 137) in this case on January 18, 2001.[1] Defendant's motion was denied by this Court on February 25, 2002. The Court denied Defendant's request for a

---

[1] Defendant also filed a "(Supplemental) Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody - 28 U.S.C. § 2255" (document No. 139) on January 30, 2001. The only change from the initial motion was that the supplemental motion contained Defendant's signature.

certificate of appealability, as did the Third Circuit Court of Appeals.

> Title 18 U.S.C. § 2255 clearly states:
>
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Defendant has not obtained the requisite certification from the Third Circuit Court of Appeals. As such, this Court lacks jurisdiction to consider Defendant's present Motion.

                                              S/Alan N. Bloch
                                              United States District Judge

cc/ecf:   Asst. U.S. Attys. Michael Ivory and Gregory Nescott
              Joan Franklin Mosley, Esquire
              Matthew Murphy, III